# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DIANA NEUWAY[1],** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1112-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding that the Administrative Law Judge's (ALJ) credibility findings are not supported by the record evidence, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

---

[1]Plaintiff captioned her brief as "Diane Neuway," but this case was filed for "Diana Neuway" (Doc. 1), and the decision in the administrative record at issue is captioned "In the Case of Diana Lynn Neuway." (R. 12). The court finds the caption on Plaintiff's Brief is a typographical error.

## I.      Background

Plaintiff applied for DIB benefits, alleging disability beginning February 15, 2011. (R. 12, 133).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She argues that the record evidence does not support the ALJ's credibility findings.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

 The court finds that remand is necessary because the ALJ did not adequately

explain her credibility determination or affirmatively link it to the record evidence.

**II.    Discussion**

 Plaintiff provides four arguments that the ALJ's credibility finding is erroneous.

She argues that the record does not support the ALJ's findings of significant improvement

with Plaintiff's pain or that there has been no significant deterioration in Plaintiff's

condition since her layoff.  (Pl. Br. 10-11).  She argues that the ALJ "placed too much

weight" on Plaintiff's normal examination results.  Id. at 11-12.  And, she argues that in

finding Plaintiff's condition was not deteriorating before she lost her job, the ALJ failed

to address the opinion of her employer at Cinnamon's Deli.  Id. at 12-13.

 The Commissioner points out that "credibility determinations 'are peculiarly the

province of the finder of fact, and courts will not upset such determinations when

supported by substantial evidence.'"  (Comm'r Br. 7) (quoting Diaz v. Sec'y of Health &

Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)) (brackets omitted).  She points to

record evidence tending to show "that Ms. Neuway's pain was generally manageable with

treatment," and argues that the ALJ considered the first three credibility issues raised in

Plaintiff's Brief and "relied on substantial evidence to find that Ms. Neuway was only somewhat credible." Id. at 8-10.  She also argues that the ALJ reasonably considered the opinion evidence and tacitly admits that the ALJ did not discuss the opinion of Plaintiff's employer at Cinnamon's Deli, but argues that the ALJ considered Plaintiff's work history as a whole and understood her work history, and that "the ALJ's reasoning is clear enough to survive judicial review" because "[s]he explained how much weight she gave to each opinion and described her analysis with clarity."  (Comm'r Br. 13-14).

The court's review of an ALJ's credibility determination is deferential.  Credibility determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule").  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

Although the court does not agree with each of Plaintiff's arguments, it finds that at the very least, the ALJ in the decision at issue did not affirmatively link her credibility findings to substantial evidence.  Therefore,

> [b]ecause a credibility assessment requires consideration of all the factors "in combination," [] when several of the factors relied upon by the ALJ are found to be unsupported or contradicted by the record, [a court is] precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.

Bakalarski v. Apfel, No. 97-1107, 1997 WL 748653, *3 (10th Cir. Dec. 3, 1997) (emphasis in original) (quoting Huston, 838 F.2d at 1132 n.7 (citation omitted)).

As Plaintiff's Brief suggests, the ALJ found that Plaintiff's "chronic back pain has been treated pharmacologically and with one epidural steroid injection, and her records indicate that these treatment modalities have produced significant pain relief with no adverse side effects."  (R. 16) (citing Exs. 1F at 4, 11, 16; 3F at 7; 6F at 5; 12F at 2; 13F at 2; 14F at 2 (R. 276, 283, 288, 321, 340, 354, 364, 369)) (emphasis added).  The records cited demonstrate that Plaintiff's pain has been treated as the ALJ stated, and that she tolerates her medications with no difficulty, but they do not indicate "significant pain relief" as the ALJ found.  The records reflect stable examinations (R. 276), overall stable pain (R. 283), negative straight leg raise (R. 276, 321), and pain levels of 6, 7, 9, and 10, out of 10.  (R. 276, 288, 321).  In a March, 2010 treatment note cited here by the ALJ, the "History of Present Illness" states, in part:

> Her complaint is of her legs.  It is a regional pain.  It is unchanged from previously, some days worse than others.  It is a constant, dull ache, with occasional cramps.  She takes anywhere from six to eight Norco per day.

> She reports that her usual pain level is about a 9 to a 10; however, she also
> made a comment that her current regimen was controlling her pain flares
> with the weather.

(R. 288). The April 1, 2013 note records "pain is unchanged," "[s]table on current

regimen." (R. 364). These records simply do not demonstrate "significant pain relief."

Moreover, the other treatment notes are quite similar in what they report. While it is true

that the notes record certain information which might be interpreted to indicate symptoms

less severe than Plaintiff reports, the ALJ did not explain how she reached that

determination, and perhaps more importantly she did not explain why she discounted the

information which points in favor of Plaintiff's allegations.

In the circumstances, the ALJ's reliance on Plaintiff's reports to her treatment

providers that her pain is "stable" or that her current regimen controls her flares with the

weather, is hardly a basis to find "significant pain relief," or to suggest Plaintiff's report is

not consistent with Dr. Parks's opinion. (R. 17). Although the ALJ later accorded little

weight to Dr. Parks's opinion, here she relied upon his opinion that Plaintiff tolerates her

pain medication with no difficulty, but ignored the very next statement in that opinion--

that "exacerbations of pain may require pain blocks [with] periods of rest or recuperation

of 8-72 hrs post procedure or pain episodes." (R. 369).

Plaintiff's complaint that the ALJ failed to weigh or address the opinion of her

employer at Cinnamon's Deli also gives the court pause in these circumstances. The

Commissioner is correct that the ALJ need not discuss every piece of evidence in the

record. Wall, 561 F.3d at 1067. But, she also acknowledges that the ALJ's discussion of

the evidence must allow "a claimant or subsequent reviewer to follow the adjudicator's reasoning" regarding an other source opinion which may affect the outcome of the case. Soc. Sec. Ruling (SSR) 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).  As Plaintiff's Brief suggests, the employer for whom Plaintiff worked part time from October 2009 through January 2010, opined that Plaintiff "could not do any strenuous work" (R. 161), had "trouble keeping pace when busy (R. 162), and stated that he would not rehire Plaintiff because "work is too strenuous for her."  (R. 163).

In these circumstances, although Plaintiff's work at White's Food Liner ended when the store closed, there is also record evidence that she was unable to work at Cinnamon's Deli because of her alleged impairments.  Therefore, the record is not uncontroverted that Plaintiff "stopped working as a cashier/checker when the business failed rather than because of her allegedly disabling impairments."  (R. 16) (emphasis added).  Yet, there is no indication in the decision that the ALJ was even aware of the contrary evidence from Cinnamon's Deli.  When this fact is considered in light of the ALJ's failure to adequately explain her finding of significant pain relief or to explain why she discounted the contrary evidence, the court finds that remand is necessary for the Commissioner properly to explain her credibility determination.  While it might be possible for the court to find a basis in the record evidence to find that Plaintiff's allegations of disabling symptoms are not credible, it is not the court's duty to weigh the evidence de novo.  Moreover, the court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent

from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  Giving the ALJ's credibility findings due deference, they nevertheless cannot be affirmed.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 15th  day of April 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**